IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DONALD MAURICE TAYLOR, | ) CIVIL ACTION 4:11-CV-00315-TER |
| Plaintiff, | ) |
| v. | ) ORDER |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying Plaintiff's claim for Supplemental Security Income (SSI). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied. Upon consent of the parties, this case was referred to the undersigned for the conduct of all further proceedings and the entry of judgment.

### I. PROCEDURAL HISTORY

Plaintiff, Donald M. Taylor, protectively filed for SSI on February 27, 2008, alleging disability since April 1, 2007[1], due to left eye blindness and HIV. (TR 109-111). The Commissioner denied Plaintiff's claim initially and upon reconsideration. (TR 49-52, 59-60).

---

[1] Plaintiff amended his onset date to September 24, 2008, at the hearing.

1

Plaintiff requested a hearing in front of an administrative law judge (ALJ). ALJ Thomas G. Henderson conducted a hearing on February 4, 2010, at which both Plaintiff and a vocational expert (VE) appeared and testified (TR 24-44). On February 26, 2010, the ALJ issued a decision finding that Plaintiff was not disabled because he could preform a limited range of low stress work that existed in significant numbers in the national economy. After the Appeals Counsel denied Plaintiff's request for review, (TR 1-3), the ALJ's decision became the Commissioner's final decision for purposes of judicial review under 42 U.S.C. Section 405(g). *See* 20 C.F.R. § 404.981. Plaintiff filed the instant action on August 19, 2011.

## II. FACTUAL BACKGROUND

Plaintiff was 52 years old at the time of the hearing. He has at least a high school education.

## III. DISABILITY BACKGROUND

Plaintiff's arguments consist of the following, quoted verbatim,

The ALJ failed to:

1. Meet the duty of ensuring full development of the Plaintiff's record;

2. Consider the combined effect of Plaintiff's multiple severe and non-severe impairments;

3. Comply with the administration's own rules and regulations for evaluating opinion evidence; and

4. Meet the commissioner's burden at step five of the sequential evaluation process.

(Plaintiff's Brief).

In the decision of February 20, 2010, the ALJ found the following:

1. Claimant has not engaged in substantial gainful activity since February 27, 2008, the application date. (20 C.F.R. 416.971 et seq.).

2. Claimant has the following severe impairments: human immunodeficiency virus (HIV), left eye blindness, headaches, and depression. (20 C.F.R. 416.920(c)).

3. Claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. 404, Subpart P, Appendix 1. (20 C.F.R. 416.920(a), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that claimant has the residual functional capacity to perform less than the light level of work as defined in C.F.R. 416.967(b). Specifically, claimant is able to lift and carry up to 20 pounds occasionally and 10 pounds frequently; is able to stand, walk and sit for 6 hours each in an 8-hour day; and is able to do some pushing and pulling of arm and/or leg controls. However, claimant is restricted to low stress work meaning simple, repetitive work. He is precluded from work that would require frequent or constant eye-hand coordination.

5. Claimant is unable to perform any past relevant work. (20 C.F.R. 416.965).

6. Claimant was born on February 14, 1959 and was 49 years old, which is defined as a younger individual age 18-49, on the date the application was filed. Claimant subsequently changed age category to closely approaching advanced age. (20 C.F.R. 416.963).

7. Claimant has at least a high school education and is able to communicate in English. (20 C.F.R. 416.963).

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that claimant is "not disabled," whether or not claimant has transferable job skills. (*see* SSR 82-41 and C.F.R. Part 404, Subpart P, Appendix 2).

9. Considering claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that claimant can perform. (20 C.F.R. 416.969 and 416.969(a)).

10. Claimant has not been under a disability, as defined in the Social Security Act, since February 27, 2008, the date the application was filed. (20 C.F.R. 416.920(g)).

(Tr. 11-20).

The Commissioner argues that the ALJ's decision was based on substantial evidence and that the phrase "substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 390-401, (1971). Under the Social Security Act, 42 U.S.C. § 405 (g), the scope of review of the Commissioner's final decision is limited to: (1) whether the decision of the Commissioner is supported by substantial evidence and (2) whether the legal conclusions of the Commissioner are correct under controlling law. Myers v. Califano, 611 F.2d 980, 982-83 (4th Cir. 1988); Richardson v. Califano, 574 F.2d 802 (4th Cir. 1978). "Substantial evidence" is that evidence which a "reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 390. Such evidence is generally equated with the amount of evidence necessary to avoid a directed verdict. Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). The Court's scope of review is specific and narrow. It does not conduct a de novo review of the evidence, and the Commissioner's finding of non-disability is to be upheld, even if the Court disagrees, so long as it is supported by substantial evidence. 42 U.S.C. § 405 (g) (1982); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

The general procedure of a Social Security disability inquiry is well established. Five questions are to be asked sequentially during the course of a disability determination. 20 C.F.R.

§§ 404.1520, 1520a (1988). An ALJ must consider (1) whether the claimant is engaged in substantial gainful activity, (2) whether the claimant has a severe impairment, (3) whether the claimant has an impairment which equals a condition contained within the Social Security Administration's official listing of impairments (at 20 C.F.R. Pt. 404, Subpart P, App. 1), (4) whether the claimant has an impairment which prevents past relevant work and (5) whether the claimant's impairments prevent him from any substantial gainful employment.

Under 42 U.S.C. §§ 423 (d)(1)(A) and 423(d)(5) pursuant to the Regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." See 20 C.F.R. § 404.1505(a); Blalock, 483 F.2d at 775.

If an individual is found disabled or not disabled at a step, further inquiry is unnecessary. If it can not be determined if an individual is disabled or not disabled at a step, further inquiry is necessary by advancing to the next step in the sequential evaluation. 20 C.F.R. § 404.1520(a); Hall v. Harris, 658 F.2d 260 (4th Cir. 1981). An ALJ's factual determinations must be upheld if supported by substantial evidence and proper legal standards were applied. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

A claimant is not disabled within the meaning of the Act if she can return to her past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. SSR 82-62. The claimant bears the burden of establishing her inability to work within the meaning of the Social Security Act. 42 U.S.C. § 423 (d)(5). She must make a

prima facie showing of disability by showing she was unable to return to her past relevant work. Grant v. Schweiker, 699 F. 2d 189, 191 (4th Cir. 1983).

Once an individual has established an inability to return to her past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy. The Commissioner may carry the burden of demonstrating the existence of jobs available in the national economy that the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert. Id. at 191.

## IV. ARGUMENTS AND ANALYSIS

**Treating physician's/source's opinion**

Plaintiff argues that the ALJ violated the administrator's own Rules for Evaluating opinion Evidence. Specifically, Plaintiff argues that the ALJ erred in his evaluation of the opinion of his treating physician's assistant, Cameron Oswald, from MUSC as to his functional limitations.

Defendant argues that the ALJ reasonably accorded physician's assistant (PA) Oswald's opinion little weight because it was not well-supported by the Medical University of South Carolina (MUSC) records or other medical evidence in the record. Defendant asserts that PA Oswald's opinion is not a medical source but an "other source."

PA Oswald completed a Physical Residual Functional Capacity Questionnaire on January 21, 2009, opining that Plaintiff's symptoms were severe enough to occasionally interfere with his attention and concentration needed to perform even simple work tasks. (Tr. 262). Oswald

further opined that Plaintiff could walk only 2 blocks; could only sit for 30 minutes at a time, could only stand for 30 minutes at a time; could only sit or stand/walk less than 2 hours total in an 8 hour day; must walk every 10 minutes for 0 minutes during an 8 hour day; needs unscheduled breaks every 20 minutes; could only rarely stoop, crouch/squat, or climb stairs; and would miss more than 4 days a month due to his impairments. PA Oswald stated that Plaintiff has "L eye blindness=limited vision, chronic hip & knee pain (pins in hips) would limit time on feet; other factors would aggravate his headaches." (Tr. 265).

The opinion of a physician will be given controlling weight if it is supported by medically accepted clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. 20 C.F.R. § 404.1527(d) (1997); Craig v. Chater, 76 F.3d 585, 589 (4th Cir.1996) (holding that although not binding on the Commissioner, a treating physician's opinion is entitled to great weight and may be disregarded only if persuasive contradictory evidence exists to rebut it.); Mitchell v. Schweiker, 699 F.2d 185 (4th Cir.1983) (holding a treating physician's opinion should be accorded great weight because "it reflects an expert judgment based on a continuing observation of the patient's condition over a prolonged period of time.").

If the ALJ determines that a treating physician's opinion should not be afforded controlling weight, the ALJ must then analyze and weigh all the evidence of record, taking into account the factors listed in 20 C.F.R. §§ 404.1527 and 416.927(d)(2)-(6). Specifically, pursuant to 20 C.F.R. § 404.1527, if the ALJ determines that a treating physician's opinion is not entitled to controlling weight, he must then consider the weight to be given to the physician's opinion by applying the following five factors: (1) the length of the treatment relationship and the frequency

of examinations; (2) the nature and extent of the treatment relationship; (3) the evidence with which the physician supports his opinion; (4) the consistency of the opinion; and (5) whether the physician is a specialist in the area in which he is rendering an opinion. 30 C.F.R. 404.1527(d)(2) (i-ii) and (d)(3)-(5).

Acceptable medical sources are licensed physicians, licensed or certified psychologists, licensed optometrist, licensed podiatrists, and qualified speech pathologists. 20 CFR 416.913. However, "in addition to evidence from the acceptable medical sources listed. . . we may also use evidence from other sources to show the severity of your impairments and how it affects your ability to work." Id. One of these sources is a physician's assistant. Id. In this case, Oswald is not only a physician's assistant which is an acceptable source, but it appears that his findings were made under the supervision of Dr. Marculescu. There are no other medical opinions in the record with regard to Plaintiff's functional limitations whether contradictory or not. The ALJ also stated that the evidence contains no opinions from even the state agency medical consultants with reagrd to his residual functional capacity.

Furthermore, Ruling 96-2p requires that an ALJ give specific reasons for the weight given to a treating physician's medical opinion. SSR 96-2p, 1996 WL 374188. As stated in Social Security Ruling 96-2p:

> A finding that a treating source medical opinion is not well supported by medically acceptable clinical and laboratory diagnostic techniques in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.927. In many cases, a treating source's opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.

The opinion of a treating physician must be weighed against the record as a whole when determining eligibility for benefits. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2) (2006). Ultimately, it is the responsibility of the Commissioner, not the court to review the case, make findings of fact, and resolve conflicts of evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990). As noted above, however, the Court must not abdicate its duty to scrutinize the record as a whole to determine whether the Commissioner's conclusions are rational. Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir.1974).

In his decision, the ALJ concluded as follows with relation to the opinion medical evidence:

> The evidence contains no opinions from state agency medical consultants regarding claimant's physical residual functional capacity. While state agency psychological consultants completed psychiatric review technique forms addressing claimant's substance abuse, there are no opinions from state agency psychological consultant's regarding claimant's mental residual functional capacity. Claimant's treating physician's assistance, Cameron Oswald, PA-C, of MUSC provided an opinion in January 2009 that claimant could walk only 2 blocks; could only sit for 30 minutes at a time, could only stand for 30 minutes at a time; could only sit or stand/walk less than 2 hours total in an 8 hour day; must walk every 10 minutes during an 8 hour day; needs unscheduled breaks every 20 minutes; could only rarely stoop, crouch/squat, or climb stairs; and would miss more than 4 days a month due to his impairments. The undersigned accords Ms. Oswald's opinion little weight as it is not well-supported by MUSC treatment records or the other medical evidence in the record.

(Tr. 19).

A finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference

and must be weighed using all of the factors provided in 20 CFR 404.1527 and 416.927. In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight. In this case, the ALJ found that the evidence contained no opinion medical evidence from the state agency medical consultants regarding Plaintiff's physical residual functional capacity so PA Oswald's opinion was the only opinion evidence for the ALJ to review. The ALJ apparently afforded the Plaintiff's treating PA Oswald's opinion no weight finding that it was not well supported by MUSC treatment records or other medical evidence in the record. In fact, it appears that he afforded no weight to each component of her opinion. However, the ALJ failed to properly explain his reasoning and weigh the opinion using the required factors as set out above. The ALJ "holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." Mastro, 270 F.3d at 178 (*citing* Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir.1992)). The ALJ must, however, explain what weight is given to a treating physician's opinion and give specific reasons for his decision to discount the opinion. Social Security Ruling (SSR) 96–2p; see also 20 C.F.R. § 404.1527(d)(2) (outlining factors an ALJ must consider when determining what weight to give a treating physician's opinion)[2]. "Even if legitimate reasons exist for rejecting or discounting certain evidence, the Secretary cannot do so for no reason or for the wrong reason." Richardson v. Dir., Office of Workers' Comp. Programs, United States DOL, 94 F.3d 164, 168–69 (4th Cir.1996) (*quoting* King v. Califano, 615 F.2d 1018, 1020 (4th Cir.1980)).

---

[2] As set forth above, the factors include the length of the treatment relationship; the frequency of examinations; the nature and extent of the treatment relationship; support of the opinion afforded by medical evidence; consistency of the opinion with the record as a whole; and specialization of the treating physician. 20 C.F.R. § 404.1527(d).

Therefore, it is not possible for the Court to conduct a proper review of the record to determine if there was substantial evidence to support the unfavorable decision based on an improper analysis of the treating physician/source's opinions with regard to Plaintiff's functional limitations. Accordingly, this case is remanded for the ALJ to reconsider the opinion of PA Oswald and to acknowledge what weight, if any, is given to his opinions in accordance with 20 C.F.R. §§ 404.1527(d)(2) (i-ii) and (d)(3)-(5) and Ruling 96-2 after conducting a proper analysis. The undersigned cannot address the remaining issues until the ALJ conducts a proper analysis of the treating source's opinion with regard to Plaintiff's physical and functional limitations and his residual functional capacity. Once the ALJ conducts a proper analysis with respect to the treating physician's/source's opinions, he should consider Plaintiff's impairments singly and in combination[3] and reassess Plaintiff's RFC for a proper review. The court refrains from reviewing any further contentions at this time.

## CONCLUSION

In conclusion, it may well be that substantial evidence exists to support the Commissioner's decision in the instant case. The court cannot, however, speculate on the barren record presented.

Accordingly, IT IS ORDERED that the Commissioner's decision be REVERSED and that this matter be REMANDED TO THE COMMISSIONER PURSUANT TO SENTENCE FOUR for further proceedings in accordance with this opinion.

---

[3] The ALJ should evaluate Plaintiff's orthopaedic impairments and what consideration and weight he gives to them.

AND IT IS SO ORDERED.

                                                           s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 26, 2012
Florence, South Carolina