IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DONALD MAURICE TAYLOR, ) | CIVIL ACTION 4:11-CV-00315-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court on Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. 2412(d). Plaintiff seeks an award of $7,720.08 in EAJA fees at $169.30 an hour for a total of 45.60 hours on the grounds that he is a prevailing party entitled to attorney's fees by the EAJA. While Defendant contests the awarding of such fees asserting the government's position was substantially justified, Defendant did not object to the amount of EAJA fees requested. However, Defendant asserts that "[i]n the event the Court grants Plaintiff's petition, the court may only award fees to Plaintiff (not her attorney) in light of United States Supreme Court precedent...." (Doc. #33). Plaintiff filed a reply to the Defendant's response. (Doc. #34).

Plaintiff's initial request for Supplemental Security Income was denied and Plaintiff sought review of the Commissioner's decision in this Court. Plaintiff was ultimately successful,

1

obtaining a judgment filed September 27, 2012, that reversed and remanded the case to the Commissioner for a new hearing pursuant to sentence four of 42 U.S.C. §405(g).

Under the EAJA, a court shall award attorney's fees to a prevailing party[1] in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The district courts have discretion to determine a reasonable fee award and whether that award should be made in excess of the statutory cap. Pierce v. Underwood, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); May v. Sullivan, 936 F.2d 176, 177 (4th Cir.1991).

The district court has broad discretion to set the attorney fee amount. "[A] district court will always retain substantial discretion in fixing the amount of an EAJA award. Exorbitant, unfounded, or procedurally defective fee applications ... are matters that the district court can recognize and discount." Hyatt v. North Carolina Dep't of Human Res., 315 F.3d 239, 254 (4th Cir.2002) ( *citing* Comm'r v. Jean, 496 U.S. 154, 163, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990)). Moreover, the court should not only consider the "position taken by the United States in the civil action," but also the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D), as amended by P.L. 99–80, § 2(c)(2)(B).

After a through review of the record and applying this standard to the facts of this case, the court concludes that the position of the Commissioner was not substantially justified. Plaintiff has made a proper showing under the EAJA that the fees and costs sought are proper.

---

[1] A party who wins a remand pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g), is a prevailing party for EAJA purposes. See Shalala v. Schaefer, 509 U.S. 292, 300–302, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). The remand in this case was made pursuant to sentence four.

Based on the foregoing and after considering the briefs and materials submitted by the parties, it is ordered that Plaintiff is awarded $7,720.08 in attorney's fees as requested.[2]

IT IS SO ORDERED.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United Stated Magistrate Judge

January 10, 2013  
Florence, South Carolina

---

[2] The fees must be paid to Plaintiff. See Astrue v. Ratliff, –––U.S. ––––, ––––, 130 S.Ct. 2521, 2527, 177 L.Ed.2d 91 (2010) (holding that the plain text of the EAJA requires that attorney's fees be awarded to the litigant, thus subjecting EAJA fees to offset of any pre-existing federal debts); see also Stephens v. Astrue, 565 F.3d 131, 139 (4th Cir.2009) (same).